PRICE LAW GROUP, APC
David Chami, Esq. (Bar No. 218456)
1204 East Baseline Road, Suite 102
Tempe, Arizona 85283
Telephone: 866.881.2133
Facsimile: 866.401.1457
david@pricelawgroup.com

Attorney for Plaintiff
SUZANNE MICHAELS

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| SUZANNE MICHAELS; an individual,<br><br>Plaintiff,<br><br>vs.<br><br>INNOVATIVE DEBT RECOVERY, INC., a corporation; and DOES 1 to 10, inclusive,<br>Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]** |

## COMPLAINT FOR DAMAGES

### I.     INTRODUCTION

1. This is an action for actual and statutory damages brought by Suzanne Michaels ("Plaintiff"), an individual consumer, against Innovative Debt Recovery, Inc. ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.    JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) which states that any action to enforce liability created by the FDCPA may be brought in any appropriate United States district court. Jurisdiction of this court also arises under 28 U.S.C. §§ 1331, 1337 and 1367.

3. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district because Defendant transacts business in this District and Defendant's collection communications were received by Plaintiff in this District and thus, a substantial part of the events or omissions giving rise to this action occurred in this District.

### III.  PARTIES

4. Plaintiff is an individual residing in Payson, Gila County, Arizona 85541. Plaintiff is a natural person obligated or allegedly obligated to pay any debt and, as such, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant is a corporation, registered under the laws of the State of Arizona. Defendants principal place of business is located at 2532 E. University Drive, Suite E350, Phoenix, Arizona 85034. Defendant's Registered Agent is Dain Defelice, located at 2532 E. University Drive, Suite E350, Phoenix, Arizona 85034.

6. Defendant's principal purpose is the collection of debts and Defendant regularly collects or attempts to collect the debts owed or due or asserted to be owed or due another. Defendant regularly uses the telephone and the mail to engage in the business of collecting debt in several states including, Arizona. Thus, Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

### IV.  FACTUAL ALLEGATIONS

8. Within one year prior to the filing of this action, Defendant contacted Plaintiff in the attempt to collect a debt originally incurred with Desert Schools Federal Credit Union ("alleged debt"). Defendant identifies the alleged debt by account numbers 6243534 and/or 2200028254.

///

9.      The alleged debt is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.  Thus, the alleged debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

10.     On or about October 22, 2013, Plaintiff received a collection letter from Defendant dated October 16, 2013.  This collection letter was from "Rex Turner" "Recovery Manager" for Defendant.  A true and correct copy of this letter is attached hereto as Exhibit A.

11.     On or about October 22, 2013, at approximately 2:44 p.m., Defendant called Plaintiff at Plaintiff's cellular telephone number 928-978-9009 from Defendant's telephone number 866-887-000.  Plaintiff answered Defendant's telephone call.  Defendant's representative identified himself "Rex Turner."

12.     During the above-referenced October 22, 2013, Plaintiff notified Defendant that she was unable to make any payments and that she was working with a debt consolidation company.  Plaintiff notified Defendant that the alleged debt was being handled by her debt consolidation company.

13.     During the above-referenced October 22, 2013, "Rex Turner" asked Plaintiff, "Why don't you tell your boyfriend to help you with your bills?"  Plaintiff replied, "My boyfriend is on disability and he only has $22.00 left after paying his bills."  "Rex Turner" replied to Plaintiff, "Then why don't you tell him to get off his ass and either sell something or find a job."

14.     During the above-referenced October 22, 2013, "Rex Turner" said to Plaintiff "How long do you plan to drag this out?  Failure to set up a payment plan today will result in being contacted by our law firm, garnishment of any wages and possibly jail time.  We have the capability to take you for everything you have."

15.     Defendant does not have the legal ability and/or intent to put Plaintiff in jail for failure to pay the alleged debt.  Defendant does not have the legal ability and/or intent to take everything Plaintiff has.

- 3 -

COMPLAINT FOR DAMAGES
13-cv-XXXXXX

16. During the above-referenced October 22, 2013, "Rex Turner" said to Plaintiff "I also see you have a credit inquiry from the Mazatzal Casino, do you have a gambling problem or what?" Plaintiff replied, "That was for a job that I applied for there." "Rex Turner" replied to Plaintiff, "Uh huh, sure it was."

17. Defendant's conduct as described in detail above was done to harass, oppress, or abuse Plaintiff.

18. Within one year prior to the filing of this action, Defendant contacted Plaintiff in connection with the collection of an alleged consumer debt and threatened to used violence or other criminal means to harm the physical person, reputation, or property of any person.

19. Within one year prior to the filing of this action, Defendant contacted Plaintiff in connection with the collection of an alleged consumer debt and used profane language, or other abusive language, the natural consequences of which was to abuse Plaintiff.

20. Defendant's conduct as described in detail above amounts to false, deceptive, or misleading representation or means in connection with the collection of any debt.

21. Within one year prior to the filing of this action, Defendant contacted Plaintiff in connection with the collection of an alleged consumer debt and stated that nonpayment of the alleged debt would result in arrest or imprisonment of any Plaintiff.

22. Within one year prior to the filing of this action, Defendant contacted Plaintiff in connection with the collection of an alleged consumer debt and threatened to take action that cannot legally be taken or that is not intended to be taken.

23. Defendant's conduct as described in detail above amounts to false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning Plaintiff.

24. Defendant's conduct as described in detail above amounts to a threat to unlawfully repossess or disable Plaintiff's property.

25. Defendant's conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

///

- 4 -

COMPLAINT FOR DAMAGES
13-cv-XXXXXX

## V.    CAUSE OF ACTION

**(Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

26.    Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

27.    Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a)    Defendant violated 15 U.S.C. §1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

(b)    Defendant violated 15 U.S.C. §1692d(1) by using or threatening of use of violence or other criminal means to harm the physical person, reputation, or property of any person; and

(c)    Defendant violated 15 U.S.C. §1692d(2) by using obscene or profane language or language the natural consequence of which is to abuse the hearer or reader; and

(d)    Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of any debt; and

(e)    Defendant violated 15 U.S.C. § 1692e(4) by making the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action; and

(f)    Defendant violated 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken; and

(g)    Defendant violated 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

(h)    Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

///

Price Law Group, APC
1204 East Baseline Road, Suite 102
Tempe, Arizona 85283

28. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

29. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney's fees.

## VI.   **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) Declaratory judgment that Defendant violated the FDCPA pursuant to 28 U.S.C. §§ 2201 and 2202; and

(b) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and

(c) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2); and

(d) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

(e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(f) For such other and further relief as the Court may deem just and proper.

## VII.   **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: November 6, 2013          PRICE LAW GROUP, APC

By: /s/ David Chami
   David Chami, Esq.
   *Attorney for Plaintiff*

Price Law Group, APC
1204 East Baseline Road, Suite 102
Tempe, Arizona 85283